Elzey F. JONES, Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 00–3364.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2001.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Elzey F. Jones, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his case in *Jones v. Department of the Air Force*, No. PH1221000240–W–1 (April 28, 2000). We *affirm*.

I

Mr. Jones is a machinist at Dover Air Force Base in Delaware. He submitted a suggestion to his agency regarding the painting of cowl door latches. According to Mr. Jones, cowl door latches were unnecessarily being discarded due to their paint condition. The agency suggested that Mr. Jones research his suggestion further, in the absence of any evidence that cowl door latches were being discarded due to their paint condition. Before the agency could formally dismiss Mr. Jones's suggestion, he filed a whistleblower complaint with the Office of Special Counsel ("OSC"), alleging that the failure to address his suggestion constituted a reprisal for whistleblowing.

OSC thereafter notified Mr. Jones that it had closed the file on his allegation because he had failed to assert any adverse personnel action taken against him for his alleged act of whistleblowing. OSC informed Mr. Jones that failure to adopt a suggestion is not a personnel action under 5 U.S.C. § 2302(b)(8) (1994).

Mr. Jones filed a formal grievance under the collective bargaining agreement that pertains to his job, alleging that the agency wrongly refused to accept his suggestion about the cowl door latches. Thereafter, with the grievance action pending, Mr. Jones petitioned the Board for review of his whistleblower complaint.

The Board only has jurisdiction to review whistleblower cases when the petitioner shows a protected disclosure and that the petitioner has presented his case to the OSC and that proceedings before the OSC have been exhausted. *See Davis v. Small Business Admin.*, 74 M.S.P.R. 281, 287–88 (1997). Because an agency's failure to accept a suggestion is not a personnel action, the Board held that it lacked jurisdiction to hear Mr. Jones's pe-

tition. The Board rejected Mr. Jones's reliance on *Weber v. Department of the Army*, 9 F.3d 97, 99–100 (Fed.Cir.1993), a case in which we stated that the Board can review "grievances of Federal employees." *Id.* at 101. Mr. Jones asserted that since the Board can hear grievances of federal employees, and since he has filed a grievance, the Board has authority to hear his whistleblower complaint even without any personnel action being taken against him. The Board pointed out that our reference to "grievances" in *Weber* was simply a generic reference to the fact that the Board hears complaints from federal employees, not a holding that one who files a formal grievance under a collective bargaining agreement thereby vests the Board with jurisdiction to hear any complaint raised by the employee. Because Mr. Jones failed to make out a whistleblower case, the Board dismissed his case. He timely sought review in this court.

## II

Our authority to disturb a final decision of the Board is limited. We review the Board's final decisions to ascertain if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994). In his petition for review, Mr. Jones again makes his *Weber* argument. The Board correctly rejected that argument. Therefore, Mr. Jones fails to make out a case of any personnel action being taken in alleged reprisal for his having made his cowl door latch suggestion. Mr. Jones also asserts that the Board's administrative judge should have recused himself because of a conflict of interest and prejudice. Mr. Jones offers no support for his allegation in this regard, and we must therefore reject it.

Mr. Jones has shown no error in the Board's conclusion that he is not entitled to relief.